UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PETER WAYNE VRATNEY, II, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 4:19-cv-00455-RLW |
| ANNE L. PRECYTHE, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Peter Wayne Vratney, II for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion to proceed in forma pauperis, plaintiff submitted an affidavit and a certified inmate account statement. (Docket No. 3). The account statement shows an average monthly deposit of $8.50. The Court will therefore assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

2

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently incarcerated at the Western Reception, Diagnostic and Correctional Center in St. Joseph, Missouri. At the time relevant to this complaint, however, he was an inmate at the Missouri Eastern Correctional Center in Pacific, Missouri. Plaintiff brings this pro se civil action pursuant to 42 U.S.C. § 1983. He names Anne L. Precythe, Alana Boyles, Warden Jennifer Sachse, Functional Unit Manager (FUM) K. Gelski, Correctional Officer M. Richtin, and Correctional Officer M. Tarrant as defendants. (Docket No. 1 at 3-4). The defendants are sued in both their individual and official capacities. (Docket No. 1 at 4).

Plaintiff states that on April 6, 2018, Officer Tarrant conducted a routine wing tour, during which he witnessed plaintiff nonresponsive in his cell. According to plaintiff's grievance and grievance appeal response, three other inmates in plaintiff's cell were also nonresponsive.[1] (Docket No. 1-3 at 2). A synthetic cannabinoid was located on one of the inmates, though not on plaintiff.

---

[1] Plaintiff's grievance and the grievance appeal response were attached to the complaint. The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

3

(Docket No. 1-3 at 5). Officer Tarrant placed plaintiff in restraints and escorted him to medical, along with the other three inmates. (Docket No. 1 at 4; Docket No. 1-3 at 2).

Plaintiff claims that medical staff "opined" that he was "coherent." (Docket No. 1 at 4). The medical staff also checked plaintiff's blood sugar, as he is a Type 1 diabetic. Plaintiff states that his blood sugar was "abnormally high." After the evaluation, Officer Tarrant escorted plaintiff to segregation for "being under the influence of an imitation [cannabinoid] substance."

On April 12, 2018, Officer Richtin and Officer Tarrant "visited" him in the segregation unit, at which time Officer Richtin performed a conduct violation interview. (Docket No. 1 at 4-5). Officer Tarrant charged plaintiff with being under the influence of an imitation cannabinoid, in violation of Missouri Department of Corrections Rule 11.5. (Docket No. 1 at 5).

Plaintiff asserts that he was charged based on a "visual dirty," and that at no "time between the time of the incident and the time that the violation was written was a specimen collected…to test for the presence of an imitation cannabinoid substance." He further states that he was not given an opportunity to provide a "specimen sample" for testing purposes.

On April 17, 2018, plaintiff participated in a Disciplinary Action Hearing, presided over by FUM Gelski. Plaintiff alleges that the only evidence presented was Officer Tarrant's "observation/opinion." Following the hearing, FUM Gelski found plaintiff guilty of the conduct violation and sanctioned him accordingly. The report from the Disciplinary Action Hearing was later endorsed, and the sanctions approved, by Warden Sachse.

On July 25, 2018, plaintiff states that he participated in a parole hearing. (Docket No. 1 at 6). He alleges that the panel members considered plaintiff's conduct violation and issued him "a parole date just six months short of [his] maximum release date." He asserts that this created a protected liberty interest.

Plaintiff accuses Officer Tarrant of violating his Fourteenth Amendment right to due process by issuing him a conduct violation for a drug infraction without specifically testing for the presence of a controlled substance. (Docket No. 1 at 7). Similarly, he alleges that Officer Richtin violated his Fourteenth Amendment right to due process by performing a conduct violation interview without there being a confirmatory test, and that FUM Gelski violated his right to due process by finding him guilty. (Docket No. 1 at 7-8). Plaintiff states that Warden Sachse is liable because she enforced the polices that allowed for a conduct violation to be issued. (Docket No. 1 at 8). He also states that Director Boyles is liable because she denied his grievance appeal. Finally, he alleges that Director Precythe violated his right to due process by "creating, endorsing and enforcing the policy" that allowed for him to receive a substance use conduct violation without being tested for the presence of that substance.

Plaintiff seeks an injunction ordering the Missouri Department of Corrections to change their policy, so it requires that an inmate be tested for the presence of an imitation cannabinoid substance before being issued a conduct violation. (Docket No. 1 at 9). He also requests an injunction ordering the removal of the conduct violation from his record, and that his parole release date be reevaluated. Finally, plaintiff is seeking $75,000 in compensatory damages from each defendant, and $200,000 in punitive damages from each defendant. (Docket No. 1 at 9-10).

**Discussion**

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983. He alleges that his right to due process was violated when he received a conduct violation for ingesting a synthetic cannabinoid without any drug test being administered to prove that he had the substance in his system. As a result, plaintiff states that he received a parole release date only six months earlier

5

than his "maximum release date." For the reasons discussed below, plaintiff's complaint must be dismissed without prejudice for failure to state a claim.

## A. Individual Capacity Claims

The determination of whether prison officials denied an inmate due process involves a two-step inquiry. *Williams v. Hobbs*, 662 F.3d 994, 1000 (8th Cir. 2011). First, a plaintiff must demonstrate that he or she was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). *See also Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (stating that a court "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest"); and *Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998) (explaining that to claim a due process violation, plaintiff has to be deprived of either life, liberty, or property, otherwise "it does not matter whether one has received due process or not"). Once it has been established that a liberty interest exists, the process necessary to protect that interest must be determined. *Williams*, 662 F.3d at 1000.

Here, plaintiff alleges that each of the defendants bears responsibility for depriving him of his liberty interest in parole by the various roles they played in issuing him a conduct violation, finding him guilty of the violation at a disciplinary hearing, and later ratifying the findings of the disciplinary hearing. However, plaintiff's contention that he has a liberty interest in parole is mistaken.

The Supreme Court has stated that a convicted person has no constitutional or inherent right to conditional release before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Moreover, it has been specifically held that Missouri's parole statutes "do not create a liberty interest protected by the due process clause of the Fourteenth Amendment." *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995). Clearly,

6

defendants' actions cannot deprive plaintiff of an interest he does not possess. It thus follows that defendants have not violated plaintiff's constitutional rights. *See Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (explaining that inmate's allegations that he was denied parole based on erroneous factual determinations about past drug and alcohol abuse did not state a claim under § 1983 because inmate did not have a constitutionally-protected liberty interest in the possibility of parole). Therefore, plaintiff's individual capacity claims against all defendants must be dismissed.[2]

Even if the Court were to assume that plaintiff had a protected liberty interest in an early parole release date, plaintiff has still failed to demonstrate a violation of due process. The "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). When an inmate is deprived of privileges or placed in special confinement status as punishment for past misconduct, due process requires a hearing beforehand. *Brown-El v. Delo*, 969 F.2d 644, 647 (8th Cir. 1992). Nevertheless, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Gonzalez-Perez v. Harper*, 241 F.3d 633, 637 (8th Cir. 2001). To that end, due process requirements include written notice of the charge; a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action; the right of the inmate to be present, call witnesses, and present documentary evidence; and, in limited situations, a counsel substitute. *See Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974).

---

[2] The Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Court notes, however, that plaintiff does not provide any factual allegations to indicate that he was subjected to any atypical and significant hardships after receiving a conduct violation.

The only complaint plaintiff makes regarding the prison disciplinary process is that he was found guilty of using a synthetic cannabinoid without being given a drug test. He asserts that he should not have received a conduct violation based solely on the observations made by Officer Tarrant, when Officer Tarrant observed plaintiff unresponsive in his cell. In other words, plaintiff states that there was not sufficient evidence for him to be charged and found guilty of a conduct violation. This is not adequate to state a claim. "Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances." *Spence v. Farrier*, 807 F.2d 753, 756 (8th Cir. 1986). As such, due process is satisfied as long as "some evidence supports the decision by the prison disciplinary board." *Id.*

Plaintiff's own complaint demonstrates that there was "some evidence" to support the conduct violation and the decision made at the disciplinary hearing. In particular, plaintiff acknowledges being found unresponsive in his cell, with three other inmates who were also unresponsive. All were taken to medical for evaluation. Plaintiff's grievance appeal response also shows that a synthetic cannabinoid was located on one of the other inmates. Because there is "some evidence" to support the disciplinary finding against plaintiff, due process has been satisfied. This is especially true in light of the fact that federal courts should "afford appropriate deference and flexibility to state prison officials trying to manage a volatile environment." *Louis v. Dep't of Corr. Servs. of Nebraska*, 437 F.3d 697, 700 (8th Cir. 2006). *See also Spence*, 807 F.2d at 755 (stating that "prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security"). For these reasons as well, plaintiff's individual capacity claims against all defendants must be dismissed.

8

## B. Official Capacity Claims

Plaintiff's official capacity claims against all defendants must also be dismissed. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Defendants are all alleged to be employed by the Missouri Department of Corrections. Thus, plaintiff's official capacity claims against defendants are actually claims against the State of Missouri. However, in a claim for money damages, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Thus, to the extent that plaintiff is seeking money damages, he has failed to state an official capacity claim.

To the extent that plaintiff is seeking prospective injunctive relief, his official capacity claims still fail. In order to prevail on an official capacity claim, plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. Such liability

9

may attach under § 1983 if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff's allegations point to a "policy" that allowed him to be issued a conduct violation for being under the influence of a controlled substance without a test to confirm that a controlled substance had been ingested. As discussed above, however, the individual defendants did not violate plaintiff's constitutional rights in issuing him a conduct violation, in finding him guilty at a disciplinary hearing, in endorsing the findings of the disciplinary hearing, or in sanctioning him. Absent an underlying constitutional violation, plaintiff cannot maintain an official capacity claim. *See, e.g., Whitney v. City of St. Louis, Missouri*, 887 F.3d 857, 860-61 (8th Cir. 2018). Therefore, his official capacity claims must be dismissed.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 4). The motion will be denied as moot as this action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.70 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of September, 2019.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE